IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ohio Assoc. of Elementary School Administrators, *et al.*, | : | |
| | : | Civil Action 2:11-cv-68 |
| Plaintiffs, | : | Judge Smith |
| v. | : | Magistrate Judge Abel |
| Educational Impact, Inc., *et al.*, | : | |
| Defendants. | : | |

**ORDER**

This matter is before the Magistrate Judge on Plaintiffs' Motion to Quash Subpoena Served on Plaintiffs' Counsel (Doc. 89).

Defendant Ronald Stebleton ("Stebleton") is the former executive director of Plaintiff the Ohio Association of Elementary School Administrators (OAESA). Stebleton, who is now incarcerated, committed certain financial improprieties. During his tenure at OEASA, Stebleton was involved in establishing a contract for software development with Defendant Educational Impact, Inc. ("EI"). Plaintiffs allege in its complaint in this action that EI failed to fully perform under its contract. According to OAESA's counsel, when Plaintiffs discovered Stebleton's conduct, it reported the matter to the IRS, who thereupon conducted an investigation. EI has counterclaimed against Plaintiffs, alleging that Plaintiffs and their agents intentionally misled third parties into believing that EI was involved with Stebleton in an illegal scheme, to the detriment of its business.

On May 25, 2012, Defendant served a subpoena *duces tecum* upon Plaintiffs' counsel, Kevin Conners. The subpoena compelled the production of, and Mr. Conners' testimony concerning, a variety of documents generally encompassing any materials provided by OAESA to the IRS pertaining to the Stebleton matter and "[t]he entire non-privileged portion of your and/or your firm's file(s)" about this action. Although the subpoena actually makes no reference to any such matter, Defendant's memorandum contra states that it also wishes to question Mr. Conners concerning any discussion of EI's accusations that Plaintiffs had made defamatory statements about it.

Taking the deposition of opposing counsel is not barred by the Federal Rules of Civil Procedure, but because of its obvious hazards to the ability of an attorney to properly represent his client such discovery is disfavored. "Discovery from an opposing counsel is 'limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information [...], (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002), *quoting Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

The Magistrate Judge notes, in the first place, that Plaintiffs report that they have now provided all the responsive documents anyway, having recently retrieved them from the IRS and supplied them to EI. They suggest, and the Magistrate Judge agrees, that the subpoena is therefore now moot to the extent it demands the

production of docu-ments.¹  In its memorandum contra, Defendant mentions briefly that, in addition to obtaining the documents provided by Plaintiffs to the IRS, it should be permitted to "depose Plaintiffs' counsel on his role in coordinating the IRS investigation of Ron-ald Stebleton." (Doc. 91 at 4.)  It has offered, however, no reason at all to suggest that Plaintiffs' counsel somehow "coordinated" an IRS investigation, a proposition which Plaintiffs correctly state is dubious on its face.  Defendant has also made no showing, or even argument, as to why no other means would exist to obtain in-formation about the investigation other than deposing Mr. Conners.

The remaining question is therefore whether EI may compel the oral testi-mony of Plaintiffs' counsel, Mr. Conners concerning discussions with his clients about alleged defamatory statements.  Defendant avers that, prior to the beginning of this litigation, its president, George Elias, advised Mr. Conners that it believed Plaintiffs were making defamatory statements about EI, and was told later that Conners had discussed the matter with Plaintiffs' Board and that the statements would stop. (Doc. 91 at 4.)  Accordingly:

> EI seeks deposition testimony of Plaintiffs' counsel regarding all com-munications with Plaintiffs as it relates to defamatory statements EI believes were being made by Plaintiffs.  Further, EI seeks information regarding the communications between Mr. Elias and Plaintiffs' coun-sel regarding the defamatory statements made by Plaintiffs.  Counsel for Plaintiffs is the only person, other than Mr. Elias, who can testify

---

¹ EI has made no suggestion that any documents other than those pertaining to the IRS investigation fall into the category of material for which "no other means exist to obtain the information".

3

> regarding the communications between Mr. Elias and counsel for
> Plaintiffs. Counsel for Plaintiffs is also the only person available to
> discuss that he assured Mr. Elias that defamatory statements made by
> Plaintiffs had ceased. Counsel for Plaintiffs is also the only person
> who can discuss how Plaintiffs were advised to discuss EI.

(Doc. 91 at 5.)

The Magistrate Judge will assume, *arguendo*, that Defendants' subpoena seeks testimony concerning Mr. Conners' discussions with Mr. Elias, although on its face it makes no such demand. Defendants' requests to depose Plaintiffs' counsel as to his discussions with his clients about allegations of defamation, and as to how he advised them to proceed with the matter, are unquestionably subject to attorney-client privilege. A request for such testimony therefore borders on the frivolous.

To the extent that Defendant wishes Mr. Conners to testify concerning his discussions with Mr. Elias, such testimony is not subject to attorney-client privilege. As it relates directly to Defendant's counter-claims for defamation, the testimony is arguably relevant. Furthermore, if, as Defendant represents and Plaintiffs apparently concede, such conversations took place between Mr. Conners and Mr. Elias alone and putatively represent evidence that Plaintiffs were aware of Defendant's allegations of defamation, Defendant has made a satisfactory showing both that the testimony is unobtainable otherwise and that it is arguably crucial to the preparation of its case.

Accordingly, the motion to quash (Doc. 89) is **GRANTED IN PART**. To the extent that the subpoena demands the production of certain documents relating to an IRS investigation, it is **MOOT**. To the extent that the subpoena seeks testimony

4

from Plaintiffs' attorney, Mr. Kevin Conners, concerning his discussions with and advice to his clients, or concerning his alleged discussions with the IRS, it is **QUASHED**.  Defendant EI may take Mr. Conners' deposition solely with respect to obtaining testimony about conversations between Kevin Conners and George Elias.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  
United States Magistrate Judge
